CASE 76—ACTION BY BARNEY CASSIDY AGAINST DAVID WILSON'S AS-
SIGNEE, AND WATSON ANDREWS AS ADMINISTRATOR AND INDIVID-
UALLY FOR A SALE OF THE BANK BOOKS OF WILSON & COMPANY.
—FEB. 3.

# Andrews and Others v. Wilson's Assignee.

### APPEAL FROM FLEMING CIRCUIT COURT.

FROM THE JUDGMENT ANDREWS APPEALS. REVERSED.

ASSIGNMENT FOR CREDITORS—REVOCATION OF TRUST—DEATH OF AS-
SIGNOR—DISCHARGE OF ASSIGNEE—EFFECT—APPOINTMENT OF RE-
CEIVER—SALE OF BANK BOOKS.

Held:   1. Neither death of one who makes an assignment for the benefit of creditors nor an order of the court discharging the assignees from further connection with the trust estate and releas-

ing their sureties from further liability revokes the trust, or deprives the creditors of any right they acquired by the assignment, but on petition of a creditor a receiver will be appointed to look after and apply assets which have not been collected.

2. The bank books of a banker who has made an assignment for creditors, and which are the evidence of the assets of the trust estate, should not themselves be sold.

JOSEPH H. POWER and R. J. BABBITT, for appellants.

On February 1, 1896, David Wilson, doing business as a private banker, made an assignment to Hart & Sousley for the benefit of his creditors. On March 1, a petition was filed by the assignees in the Fleming circuit court against Wilson and his creditors for a sale and settlement of the assigned estate.

In January 1898, an order purporting to be a final judgment was entered in the case for a distribution of the proceeds of the estate, and discharging the assignees and releasing them from any farther liability, and at the April term, 1899, the following judgment was entered: "All matters in controversy herein having been fully settled, the assignees are now discharged and they and their sureties are now relieved from any further liability herein on their bond as such assignees or otherwise, and this cause is filed away."

In September, 1901, Cassidy filed this suit in said court reciting that the assignees had been discharged by the judgment of April, 1899, and alleging that they still had the books of the assigned estate in their possession, that the same were assets subject to the claims of the creditors and were worth $175, and sought to attach and have them sold for his exclusive benefit, he being a creditor of the assigned estate. Watson Andrews was made a party and it was alleged that he had a part of these books in his possession, the assignor, Wilson, having died in the summer of 1901 and said Andrews had qualified as his administrator.

Andrews filed answer and cross-petition against the assignees alleging that the estate owed him individually $1,500, that the assignees had wasted the estate, made fraudulent compromises, grossly neglected their duties, and having been discharged as assignees, they had no further right to the books or any of the property of the estate not disposed of, and asking that a receiver be appointed to take charge of the books and residue of the estate and sell same and distribute the proceeds to the creditors. The assignees, Hart & Sousley filed a demurrer to the petition of Cassidy attaching the books which was sustained by the court, and also filed demurrer to the cross-petition

of Andrews which was also sustained, and from these judgments sustaining said demurrers this appeal is prosecuted.

We contend that the assignees and their sureties having by the judgment of the court been discharged from said trust, they have no further interest in or control of the books or any of the assets belonging to said estate, and that it was the duty of the court to have ordered the books and all other property belonging to said estate into the hands of the administrator of Wilson or into the hands of a receiver.    Perry on Trusts, sec. 921; Burrill on Assignments, pp. 568-576 and cases cited therein.

W. G. DEARING, G. A. CASSIDY, B. S. GRANNIS AND JOHN P. McCARTNEY, FOR APPELLEES.

1. Our contention is that Watson Andrews, as administrator of David Wilson, deceased, has no right to any property of said decedent, and if there is any property yet remaining belonging to the trust estate of Wilson it should of necessity be disposed of under the orders of the Fleming circuit court in the action filed by the assignees to settle the estate of said Wilson.

2. That the trust having once been created could not fail for lack of the trustees, and the trust would be carried on either by the present trustees or such other trustees as the court may appoint.

3. The demurrer was properly sustained to the cross-petition of Andrews, because he was a party to the original suit by the trustees and had an opportunity to then raise the question arising in this case, and failing then to do so, can not do so now.

4. The books of the bank are the memoranda of the assignees in the adjustment of the accounts of the bank, and the only evidence of the status of the accounts passed on by them in the settlement of the estate, and, if sold, the assignees would have no data for their own protection.

### AUTHORITIES CITED.

Gardner &c. v. Letcher, Assignee, 16 R., 779; Am. & Eng. Ency. of Law, vol. 27, 320; Grimes v. French, 13 Rep., 398; Dobyns v. Dobyns, 79 Ky., 98; Kentucky Statutes, sec. 96; Civil Code, secs. 436, 438.

OPINION OF THE COURT BY CHIEF JUSTICE BURNAM—REVERSING.

In February, 1896, David Wilson, doing business as a private banker under the name of the Exchange Bank of David Wilson & Co., at Flemingsburg, Ky., made a gen-

eral deed of assignment of all of his property to the appellees, R. K. Hart and J. H. Sousley, for the benefit of all of his creditors equally. The assigned estate was settled in a proceeding instituted by the assignees in the Fleming circuit court in March, 1896, to which all the creditors were made parties, and received 10 per cent. of their respective demands, which was paid to them under an order of the court. At the April term, 1901, of the Fleming circuit court, the following judgment was entered in the .proceeding: "All the matters in controversy herein having been fully settled, the assignees are now discharged, and they and their sureties are now relieved from any further liability. herein on their bond as such assignees or otherwise, and the cause is filed away." In September, 1901, Barney Cassidy instituted a suit in the Fleming circuit court against the assignee, Hart and Sousley, and Watson Andrews as administrator of David Wilson, who died pending the litigation, and Watson Andrews as an individual, in which he set out all the foregoing facts and alleged that he was a creditor of Wilson, that Andrews as administrator of David Wilson had taken possession of the books of Wilson belonging to the bank, which he alleged were of the value of $175, and sought to have them sold for his exclusive benefit. Andrews, as administrator of Wilson and in his individual capacity, filed an answer, which he made a cross-petition against Hart and Sousley, in which he alleged, in substance, that he was a creditor of David Wilson, deceased; that he had qualified as his administrator; that the assignee had been discharged by a judgment of the Fleming circuit court as assignees and released from further liability as such; admitted that the books sought to be attached showed claims due the estate of Wilson in excess of the valuation placed thereon by

plaintiff, which had not been collected by the assignees previous to their discharge; and claimed that as administrator of David Wilson he was entitled to hold the books and collect the unadministered assets shown thereon for the benefit of his creditors. And in the third paragraph of his answer he alleged that, in the event the court should be of opinion that he was not entitled to the possession of these books in his capacity as administrator of Wilson, he was interested in the collection of the indebtedness due as shown by the books as a creditor; that the assignees, Hart and Sousley, had grossly neglected their duties, had made fraudulent and improvident compromises, wasted the assigned estate, and had been discharged from any further connection therewith by a judgment of the Fleming circuit court in the proceeding supra; denied their right to further administer the trust or hold possession of the books; and asked that a receiver be appointed to wind up the trust; and that he be allowed to prosecute and defend for all the creditors of David Wilson, who were too numerous to be brought before the court; and that the books, consisting of ledgers, memorandum books, cash books, and all other property belonging to the assigned estate not administered by the assignees, should be turned over to the receiver, who should hold the books and any moneys realized therefrom for the benefit of all the creditors of Wilson.

General demurrers were filed by the assignees to the petition of Barney Cassidy, and they also filed general demurrers to each paragraph of the cross-petition of Andrews, all of which were sustained by the trial court and the existing attachment discharged, and a judgment entered that Hart and Sousley, as assignees of David Wilson, were entitled to the possession of all the books and

memorandum belonging to the bank and the assigned estate, and that they should be delivered to them; and Andrews has appealed.

The deed of assignment of Wilson vested all of his interest in the assigned property in the assignees for the benefit of his creditors; and his death did not have the effect of revoking the trust thus created so long as there remained any debts due by him at the date of his assignment, nor to deprive his creditors of any right which they acquired by the deed of assignment. See Gardner v. Letcher, 16 R., 778, 29 S. W., 868, and West v. Gribben, 23 R., 311, 62 S. W., 869. Nor did the order of the Fleming circuit court discharging the assignees from all further connection with the trust estate and releasing their securities from all further liability in connection therewith have this effect. *Equity will not allow a trust to fail for want of a trustee,* nor can there be any doubt that a trustee may be discharged from further connection with the trust by a court of competent jurisdiction, and a new trustee or receiver appointed to administer the trust, either upon his own application or that of a creditor or party having pecuniary interest in the trust estate. See Burrill, Assignm. (3d Ed.), section 469. It seems to us that the necessary effect of the judgment of April, 1901, was to create a vacancy in the position of assignee. Appellant does not seek in this proceeding to surcharge or falsify any former settlement made by the assignees. All he asks is that the court by proper orders will appoint a receiver to look after assets which he alleges have not been collected, and apply them equally for the benefit of all the creditors. Upon the averments of the cross-petition he was entitled to the relief sought. But it would not be proper to decree a sale of the bank books themselves. They are the

evidence of the assets of the trust estate, which belong alike to all the creditors, and which should be preserved for their inspection upon proper application and at proper time.

For reasons indicated, we think the chancellor erred in sustaining a demurrer to the third paragraph of the appellant's (Watson Andrew's) cross-petition, and adjudging the former assignees entitled to the absolute custody and control of the bank books and papers of the assigned estate. The judgment is therefore reversed, and cause remanded for proceedings consistent with this opinion.